## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

July 27, 2015

RORY L. PERRY II, CLERK

SUPREME COURT OF APPEALS

OF WEST VIRGINIA

**ELERY D. FARLEY,**
**Claimant Below, Petitioner**

**vs.)    No. 13-1022** (BOR Appeal No. 2048242)
                        (Claim No. 2003045357)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**MOUNTAINEER COAL DEVELOPMENT COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Elery D. Farley, by John C. Blair, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia Office of the Insurance Commissioner, by David L. Stuart, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 23, 2013, in which the Board affirmed a March 15, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 11, 2012, decision to grant Mr. Farley an additional 6% permanent partial disability award for carpal tunnel syndrome with such award being subject to overpayments. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Farley, an employee of Mountaineer Coal Development Company, worked as a shuttle car operator/miner man. He was exposed to repetitive motions in his hands while operating heavy mining equipment and was diagnosed with bilateral carpal tunnel syndrome. Mr. Farley reported to Paul Bachwitt, M.D., who opined that he suffered from 4% whole person impairment, 2% for the left and 2% for the right. Dr. Bachwitt did not find any motor impairment. On November 16, 2005, the claims administrator awarded Mr. Farley 4% permanent partial disability based upon the report of Dr. Bachwitt. The decision indicated an overpayment of $640.74 in claim number 980032489. Mr. Farley protested. On February 8, 2007, the Office of Judges reversed and vacated the claims administrator's Order and granted a 12% permanent partial disability award instead. The Board of Review reversed and vacated the Office of Judges' Order and reinstated the claims administrator's decision on December 18, 2007, granting Mr. Farley a 4% permanent partial disability award. This Court refused the appeal from the December 18, 2007, Board of Review Order on July 29, 2009.[1]

Mr. Farley was seen by Bruce Guberman, M.D., on November 9, 2010, due to progressive worsening of symptoms associated with carpal tunnel syndrome. Dr. Guberman diagnosed bilateral carpal tunnel syndrome. Dr. Guberman noted that a 2009 nerve conduction study showed bilateral carpal tunnel syndrome that was worse on the left side. After determining that Mr. Farley had reached his maximum degree of medical improvement, Dr. Guberman calculated 9% whole person impairment for right carpal tunnel syndrome and 9% whole person impairment for left carpal tunnel syndrome, which combined to a total of 17% whole person impairment. Dr. Guberman did not find any impairment based upon motor impairment. Dr. Guberman then applied West Virginia Code of State Rules § 85-20-64.5 (2006) and reported Mr. Farley has 6% whole person impairment for each hand for a combined total of 12% whole person impairment.

Based upon Dr. Guberman's report, Mr. Farley filed a permanent partial disability reopening application on November 15, 2010, which was denied by the claims administrator on April 1, 2011, due to the application for reopening being untimely filed. On September 7, 2011, the Office of Judges reversed the claims administrator's decision dated April 1, 2011, and referred Mr. Farley for an independent medical evaluation.

Mr. Farley was referred to Robert Walker, M.D., who performed an independent medical evaluation on December 19, 2011. Dr. Walker opined that he had 4% whole person impairment based upon the right sided carpal tunnel syndrome and 6% whole person impairment based upon the left sided carpal tunnel syndrome. Dr. Walker also found 10% whole person impairment based upon motor impairment related to the carpal tunnel syndrome.

On October 10, 2012, Mr. Farley went to Prasadarao Mukkamala, M.D., for another independent medical evaluation. Dr. Mukkamala opined that Mr. Farley suffered 6% whole

---

[1] On January 11, 2012, the claims administrator issued a notice which indicated Mr. Farley had been overpaid $11,800.64 for the period of March 1, 2007, through October 11, 2007, based upon the Board of Review decision dated December 18, 2007.

person impairment of the left hand and 4% whole person impairment for the right hand. Dr. Mukkamala did not find any impairment related to motor deficit.

The Office of Judges determined that Mr. Farley was not entitled to any more than 10% permanent partial disability related to his carpal tunnel syndrome. The Office of Judges noted that both Dr. Mukkamala and Dr. Guberman did not find motor impairment whereas Dr. Walker did. The Office of Judges also noted that Dr. Walker placed Mr. Farley in Grade IV of Table 11 on page 49 of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), and assigned a 25% multiplier. According to Grade IV of Table 11, the multiplier should fall within the range of 61% to 80% instead of 1% to 25%. The Office Judges surmised that is was not clear from Dr. Walker's report whether he meant to place Mr. Farley in Grade IV and assign a figure from the corresponding range or meant to place Mr. Farley in Grade II which corresponds to the 25% multiplier. As a result of the confusion on Table 11 and the difference in motor impairment, the Office of Judges did not rely on Dr. Walker's report. The Office of Judges then turned to Dr. Mukkamala's and Dr. Guberman's reports and concluded that Dr. Mukkamala's was the more reliable of the two. Per the American Medical Association's *Guides* the physician should assess the current state of the impairment whether it has progressed or improved. Because Dr. Mukkamala's report was later in time, the Office of Judges determined that it more accurately reflected Mr. Farley's true level of impairment. Also, the Office of Judges noted that it has been consistent in the record that Mr. Farley suffers worse symptoms on his left side as opposed to his right. The Office of Judges noted that this was shown by Dr. Walker's objective measurements, Dr. Mukkamala's report, and Mr. Farley's own statements to Dr. Mukkamala. Despite the consistent reports of the left side symptoms that were worse than the right, Dr. Guberman assigned the same amount of whole person impairment for each side. Because Dr. Mukkamala assigned a greater level of impairment for the left over the right, did not confuse the multiplier in Table 11 of the American Medical Association's *Guides*, and performed his evaluation at a later time, the Office of Judges concluded it was more reliable than the other reports of record. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

The findings of the Office of Judges and conclusions of the Board of Review should be affirmed. The Office of Judges was correct in disregarding the report of Dr. Walker due to confusion about Table 11 of the American Medical Association's *Guides* and is the only report to find motor impairment. Drs. Guberman and Mukkamala found no motor impairment. The Office of Judges was correct in giving more credit to Dr. Mukkamala's report than Dr. Guberman's report because Dr. Mukkamala's report was more recent in time and more closely matched Mr. Farley's symptoms. From the record it is clear that Mr. Farley's left-sided carpal tunnel syndrome is worse than his right side. Dr. Mukkamala takes this into consideration, whereas Dr. Guberman makes no adjustment for it. Accordingly, it was not in error to adopt the report of Dr. Mukkamala. As a result, it was correct to increase the 4% permanent partial disability award by 6% permanent partial disability for a total of 10% permanent partial disability for the carpal tunnel syndrome.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous

conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  July 27, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II